

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ANTHONY HALL, #1108662,

    Petitioner,

v.                                       Case No.: 2:10cv300

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and all of the petitioner's claims be DISMISSED WITH PREJUDICE.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Anthony Hall was convicted in a bench trial before the Circuit Court of the City of Suffolk, Virginia of one count of aggravated malicious wounding, one count of armed robbery, four counts of malicious wounding, one count of using a firearm during the commission of a felony, and two counts of unlawful stabbing during the commission of a felony. On May 18, 1989, Hall was sentenced to two life terms plus an additional 61 years in prison. (Pet. 2, ECF No. 4.)[2]

Hall appealed to the Virginia Court of Appeals, which affirmed his convictions on July 28, 1992, in a published, en banc opinion. See Hall v. Commonwealth, 14 Va. App. 892, 421 S.E.2d 455 (1992) (en banc). In particular, the Court of Appeals held that: (a) Hall's multiple convictions did not violate Virginia's "former jeopardy" statute, Va. Code § 19.2-294, id. at 900, 421 S.E.2d at 461; (b) these multiple convictions did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, id. at 901, 421 S.E.2d at 461-62; (c) there was sufficient evidence in the record to identify Hall as the

---

[2] The list of particular offenses and sentences imposed presented by Hall in his petition, by the respondent in his brief in support of his answer and motion to dismiss, and by the Virginia Court of Appeals in its published decision are each at variance with the others. For the purpose of this Report, this discrepancy is immaterial, and the Court will adopt the list as presented by the petitioner himself.

perpetrator of the charged offenses, id. at 901-02, 421 S.E.2d at 462; and (d) the trial court did not err in failing to declare a mistrial when the prosecutor gestured toward Hall when attempting to elict an identification of his attacker from one of the victims, id. at 902, 421 S.E.2d at 462. Hall appealed his conviction to the Supreme Court of Virginia, which refused his petition for appeal on April 30, 1993. (Hall v. Commonwealth, Case No. 921360 (Va.).)

Hall has not filed a petition for habeas corpus in state court, nor has he filed a petition for writ of actual innocence pursuant to Va. Code § 19.2-327.2, but he claims to have submitted a motion for DNA testing pursuant to Va. Code 19.2-327.1 in the Circuit Court for the City of Suffolk, which was denied on March 11, 2004. (Pet. 7, ECF No. 4; Pet'r's Mem. in Opp'n 2, ECF No. 11.) There apparently is no record of this filing in the Suffolk Circuit Court. (Resp. Br. in Supp. ¶ 3, ECF No. 9.) Although the petition does not reference it, the respondent suggests that Hall may have filed a similar motion, perhaps intended as an appeal from the Circuit Court's denial, in the Virginia Court of Appeals on April 11, 2005, which was forwarded to and rejected by the Supreme Court of Virginia due to defects in the pleading. (Id. ¶ 3 n.2, ECF No. 9.)

On June 24, 2010, while in the custody of the Virginia Department of Corrections at Keen Mountain Correctional Center, Hall filed the instant petition for a writ of habeas corpus,

ostensibly pursuant to Va. Code § 19.2-327.1.³ (ECF No. 1.) On June 29, 2010, the Court ordered Hall to file an amended petition pursuant to 28 U.S.C. § 2254, rather than Va. Code § 19.2-327.1, and on the appropriate form, as required by Local Civil Rule 83.4. (ECF No. 2.) Hall's amended petition was filed on July 15, 2010. (ECF No. 4.) On August 13, 2010, the respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a brief in support, as well as a <u>Roseboro</u> Notice pursuant to Local Civil Rule 7(K). (ECF Nos. 7-10.)

## B. **Grounds Alleged**

Hall now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because: (a) his Fourteenth Amendment due process rights were violated by his conviction based on insufficient evidence, inasmuch as forensic testing of fingerprints and blood on a knife allegedly used in the commission of the crimes for which he was convicted did not definitively link him to the knife, and other evidence was insufficient to identify him as one of the perpetrators of the charged offenses or was otherwise tainted by prosecutorial misconduct (namely, the prosecutor's gesture toward Hall when eliciting his identification by one of the victims); and (b) his conviction on multiple charges violated the

---

³ Hall's petition was received and docketed in this Court on June 24, 2010. The petition includes an apparently erroneous certification that it was deposited in the prison mail system on June 31, 2010. It is otherwise undated.

- 4 -

Virginia "former jeopardy" statute, Va. Code § 19.2-294, and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. With respect to claim (a), Hall appears to seek an order directing that blood on the knife be subjected to DNA testing using current technology, as the quantity of blood was too minute for DNA testing using the technology available at the time of trial.[4]

Hall asserted claim (b), his statutory and constitutional double jeopardy claims, on direct appeal to the Virginia Court of Appeals, which denied these claims on the merits. To the extent Hall claims that he was convicted on evidence insufficient to identify him as the perpetrator of the offenses for which he was convicted, Hall also asserted claim (a) on direct appeal, and the Virginia Court of Appeals also denied this claim on the merits. To

---

[4] In addition to invoking his due process rights, Hall couches this claim in terms of his "actual innocence" of the offenses for which he was convicted. But actual innocence does not constitute "ground[s] for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." See Herrera v. Collins, 506 U.S. 390, 400 (1993); Buckner v. Polk, 453 F.3d 195, 199 (4th Cir. 2006).

Moreover, to the extent that Hall's request for DNA testing might be construed as assertion of a claim pursuant to Brady v. Maryland, 373 U.S. 83 (1963), that he was denied his due process right to access to and testing of DNA evidence, such a claim would be entirely meritless as Hall's petition and other submissions clearly admit that he was "given the opportunity to test the DNA evidence during his trial using the best technology available at the time." See Harvey v. Horan, 278 F.3d 370, 378-79 (4th Cir. 2002).

The Court therefore declines to construe Hall's claims as asserting either a free-standing claim of actual innocence or a Brady claim.

the extent Hall asserts that he is now entitled to DNA testing of blood found on the knife presented at trial as evidence, Hall alleges that he asserted this claim by motion in the Suffolk Circuit Court pursuant to Va. Code § 19.2-327.1, which was then allegedly denied on March 11, 2004.[5]

## II. EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

As a preliminary matter, the Court considers Hall's motions for an evidentiary hearing and for appointment of counsel. (ECF Nos. 13-14.) The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See R. 8(a) foll. 28 U.S.C. § 2254; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996). Moreover, the petitioner has not alleged any "exceptional circumstances" which would warrant appointment of counsel in this matter. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision). Accordingly, the petitioner's motion for an evidentiary hearing (ECF No. 14) and his motion for appointment of counsel (ECF No. 13) are DENIED.

---

[5] The Court notes that the statute itself provides that denial of such a motion is not cognizable as grounds for relief on direct appeal or in habeas proceedings, and thus this claim would appear to be exhausted. See Va. Code § 19.2-327.1(G); Harvey v. Warden of Coffeewood Corr. Ctr., 268 Va. 5, 5-6, 597 S.E.2d 58, 59 (2004).

## III. ANALYSIS

### A. One-Year Statute of Limitations

Hall's petition is barred by the statute of limitations.[6] The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This provision was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which went into effect on April 24, 1996.

---

[6] In addition to the statute of limitations, the respondent raises as an affirmative defense the petitioner's failure to exhaust state remedies with respect to his claim that he is entitled to DNA testing of blood found on the knife used as evidence against him at trial. (Resp. Br. in Supp. ¶¶ 17-18, ECF No. 9.) The applicability of a statute of limitations is a threshold issue that generally must be resolved before reaching claims on the merits, and before other procedural defenses, such as exhaustion or procedural default. See White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002); United States v. Lopez, 248 F.3d 427, 430 (5th Cir. 2001) (characterizing the AEDPA statute of limitations as a "threshold question").

Under 2244(d)(1)(A), Hall ordinarily would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. Hall's conviction became final on July 29, 1993, the date upon which the time for seeking direct review of his convictions by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1). Because his convictions became final before the AEDPA was enacted, however, the limitation period did not begin to run until the AEDPA's effective date, April 24, 1996. Hernandez v. Caldwell, 225 F.2d 435, 437 (4th Cir. 2000). Therefore, Hall had until April 24, 1997, to file a timely federal petition for a writ of habeas corpus. Hall did not file the instant federal petition for a writ of habeas corpus until June 24, 2010, which was approximately thirteen years after and outside the limitation period.

Hall's request for an order directing that blood on the knife be subjected to DNA testing using current technology presents a slightly different twist. It is not entirely clear that his request for testing of the knife constitutes a separate claim for the purpose of calculating the applicable AEDPA limitations cutoff, but even assuming that it does, the petition is still barred by the statute of limitations. Under § 2244(d)(1)(D), Hall had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

For the sake of argument, the Court assumes that the pertinent factual predicate at issue is the availability of new DNA testing technology that would permit analysis of blood on the knife at issue.[7] At the latest, the one-year limitation period with respect to Hall's request for DNA testing is the time Hall learned or could have reasonably discovered information regarding the availability of such DNA testing technology. Setting aside the question of whether he could have previously discovered the existence of such technology through the exercise of due diligence, it is clear from Hall's own petition that at the very latest, Hall learned of the availability of such technology at some point prior to March 11, 2004, the date upon which the motion for DNA testing he allegedly filed in the Suffolk Circuit Court was denied.

Therefore, Hall had until March 11, 2005, to file a timely federal petition for habeas corpus relief with respect to his request for DNA testing. Hall did not file the instant federal petition for a writ of habeas corpus until June 24, 2010, which was approximately five years after and outside the limitation period.

---

[7] The Court notes the Virginia statute permitting Hall to seek such testing, Va. Code § 19.2-327.1, was enacted and effective May 2, 2001, several years prior to his alleged filing of his state court motion seeking DNA testing. Thus the initial availability of such relief in state court proceedings is not a consideration in this analysis.

## B. **Statutory Tolling of the Statute of Limitations**

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Hall did not file a petition for a writ of habeas corpus, nor a petition for a writ of actual innocence, with the Supreme Court of Virginia. He claims to have filed a motion for DNA testing in the Suffolk Circuit Court, but fails to provide a filing date for the alleged motion that might permit the calculation of any applicable statutory tolling period; and even assuming that this motion may be considered an application for "other collateral review" which tolls the limitations period, it ceased doing so when it was denied on March 11, 2004, more than six years before filing of the instant federal habeas petition. Finally, a similar motion that the respondent suggests may have been filed in the Virginia Court of Appeals, which was ultimately transferred to and rejected by the Supreme Court of Virginia as defective, did not toll the limitations period because it was not properly filed. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000).

Accordingly, Hall is not entitled to statutory tolling of the AEDPA limitations period.

## C. Equitable Tolling of the Statute of Limitations

In addition to a period of statutory tolling, a § 2254 petitioner may be entitled to equitable tolling of the statute of limitations. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Under the AEDPA, a petitioner may benefit from equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). The petitioner must "establish[] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Furthermore, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The petitioner "bears the burden of establishing . . . that he is entitled to the benefit of the doctrine of equitable tolling." Doiley v. South Carolina, No. 3:08-3175, 2009 WL 3602029, at *4 (D.S.C. Oct. 27, 2009); see also Pace, 544 U.S. at 418.

"The Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling. Other

circuits, however, have reasonably concluded that there is no such exception. Further, this Court has found the reasoning in these cases compelling." DiCaprio-Cuozzo v. Johnson, -- F. Supp. 2d ---, 2010 WL 4007622, at *9 (E.D. Va. Oct. 12, 2010) (citations omitted).

In any event, Hall has not made a sufficient showing of actual innocence. To successfully plead actual innocence, Hall must demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, notwithstanding the results of the sought-after DNA testing. See House v. Bell, 547 U.S. 518, 536-37 (2006). Hall seeks DNA testing of blood on a knife presented as evidence at trial, apparently with the idea that it might somehow eliminate the possibility that he used the knife in the commission of the offenses for which he was convicted, presumably by demonstrating that the blood on the knife belonged to someone other than the victims, his two co-defendants, or Hall. But as the Virginia Court of Appeals noted in its decision affirming Hall's conviction in 1992, the identification of Hall was based not on his possession or use of the knife, but rather it relied on the credible testimony of one of the victims, who specifically identified Hall as his attacker, by an eyewitness who corroborated the victim's identification, and by Hall's co-defendants, Robert Wright and Horace Simon, who identified Hall as

the third perpetrator of the offenses. See Hall, 14 Va. App. at 901-02, 421 S.E.2d at 462.

Accordingly, Hall has failed to demonstrate that it is more likely than not that no reasonable juror would have found him guilty, and therefore he has failed to demonstrate that he is entitled to any period of equitable tolling based on actual innocence.

### D. Conclusion

The one-year statute of limitations for Hall's claims began to run on April 24, 1996, the effective date of the AEDPA, except with respect to his request for DNA testing of certain evidence, for which the limitations period began to run no later than March 11, 2004, the date upon which a state court motion for DNA testing was allegedly denied. Based on the information provided by both parties, Hall has not established that he is entitled to any statutory tolling of the limitations period. Moreover, Hall has not established that he is entitled to any period of equitable tolling. Therefore, Hall had until March 11, 2005 to file a timely federal petition for a writ of habeas corpus with respect to his request for DNA testing, or April 24, 1997 with respect to the balance of his claims. Hall did not file his petition in this Court until June 24, 2010, which was no less than five years after the statute of limitations expired. Accordingly, the Court FINDS

that Hall's petition is time-barred and RECOMMENDS that the instant petition be DENIED and DISMISSED WITH PREJUDICE.

## VII. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion to dismiss be GRANTED, Hall's petition for a writ of habeas corpus be DENIED, and all of Hall's claims be DISMISSED WITH PREJUDICE.

As noted above, the Court further DENIES Hall's motion for an evidentiary hearing (ECF No. 14) and his motion for appointment of counsel (ECF No. 13).

Hall failed to demonstrate "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## VIII. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by

Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ _____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 30, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony Hall, #1108662
Keen Mountain Correctional Center
P.O. Box 860
Oakwood, VA 24631
   *Pro Se*

Craig W. Stallard, Esq.
Assistant Attorney General
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
   *Counsel for Respondent*

                                Fernando Galindo,
                                Clerk of Court

                          By: [signature]
                              Deputy Clerk
                              Jan 3, 2011
                              ~~December~~ , ~~2010~~