UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB 23 2011
CLERK, U.S. DISTRICT COURT
NORFOLK

ANTHONY HALL, #1108662,

    Petitioner,

v.                             Case No.: 2:10cv300

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

**<u>FINAL ORDER</u>**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to Petitioner's conviction in the Circuit Court of the City of Suffolk, Virginia, of one count of aggravated malicious wounding, one count of armed robbery, four counts of malicious wounding, one count of using a firearm during the commission of a felony, and two counts of unlawful stabbing during the commission of a felony, as a result of which he was sentenced to serve a total of two life terms plus an additional 61 years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern

District of Virginia for report and recommendation. The report of the magistrate judge was filed on January 3, 2011, recommending that the petition be denied and dismissed. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 24, 2011, the Court received the petitioner's written objections.[1] (ECF No. 16.) The respondent filed no response to the petitioner's objections.

First, the petitioner objects to the magistrate judge's denial of the petitioner's motions for an evidentiary hearing and for the appointment of counsel. Having reviewed the record, the Court FINDS that these non-dispositive pretrial rulings by the magistrate judge are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, the petitioner's objections with respect to denial of his motions for an evidentiary hearing and for the appointment of counsel are OVERRULED.

Second, the petitioner objects to the magistrate judge's finding that the petition is time-barred by the applicable

---

[1] The objections were accompanied by the petitioner's certification stating that the objections were deposited in the prison mail system on January 18, 2011. Accordingly, the objections shall be deemed timely filed pursuant to Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

2

statute of limitations. The petitioner's objections do not take issue with the magistrate judge's initial finding that the petition was filed at least five years after the applicable limitations period expired, nor do they provide any information to suggest that the petitioner is entitled to statutory tolling of the limitations period. The petitioner appears to argue only that he is entitled to equitable tolling of the statute of limitations. Although he contends that he exercised "due diligence" in pursuing his claims in state proceedings, the petitioner fails to identify any action taken more recently than five years prior to the filing of this federal habeas petition, and he fails to identify any external, extraordinary circumstances whatsoever that might have prevented him from filing this federal habeas petition on time. Accordingly, the petitioner's objections with respect to the statute of limitations are OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims, all of which are time-barred by the applicable statute of limitations. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the

report of the United States Magistrate Judge filed on January 3, 2011 (ECF No. 15), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that Respondent's Motion to Dismiss (ECF No. 7) be GRANTED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 22, 2011

4